```
UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )   No. CR-08-244-DLJ
                                 )
      v.                         )   ORDER
                                 )
JOSEPH LAWRENCE WILLIAMS,        )
WILLIAM JOSEPH LITTLE, JR.,      )
and KEITH AARON VANN,            )
                                 )
            Defendants.          )
_____)
```

On June 19, 2009, the Court heard oral argument on Defendants' motion for a bill of particulars. Having considered the papers submitted, the arguments of counsel, and the applicable law, the Court hereby DENIES the motion.

**I. BACKGROUND**

**A.   Factual Background and Procedural History**

In 2002, Defendants Joseph Lawrence Williams (Williams), William Joseph Little, Jr. (Little), and Keith Aaron Vann (Vann) formed an organization called Global Missions UN Limited (Global). In 2003, Global received a charitable donation from siblings "Joseph S." and "Jean O." The donation consisted of commercial real property located in Anchorage, Alaska, valued at approximately $3 million, as well as $500,000 in cash. Although Joseph S. and Jean O. expected to receive federal tax benefits as a result of this donation, their claims for such benefits were denied. After the claims were denied, Joseph S. and Jean O. sought the return of the Alaska property from Global, but Global no longer possessed it.

On April 16, 2008, the government charged Defendants in an indictment with conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 1349. In addition, the indictment charges Williams with mail fraud in violation of 18 U.S.C. § 1341, and all three defendants with wire fraud in violation of 18 U.S.C. § 1343. Williams is also charged with money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and Vann is charged with money laundering in violation of 18 U.S.C. § 1957(a).

On May 22, 2009, Little and Williams filed a motion for a bill of particulars. On June 8, 2009, Vann joined the motion. The government has filed an opposition, to which Defendants have replied.

**B.      Legal Standard**

Federal Rule of Criminal Procedure 7(f) provides that the court may order the government to file a bill of particulars. The decision whether to grant a request for a bill of particulars is a matter of discretion for the district court. United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983).

A bill of particulars serves three functions: (1) to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to protect against double jeopardy. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979). A bill of particulars

accomplishes these goals by answering specific questions posed by the defendant in order to obtain additional information about the facts underlying the charges. See <u>United States v. Inryco, Inc.</u>, 642 F.2d 290, 295 (9th Cir. 1981). Full discovery under Federal Rule of Criminal Procedure 16 may obviate the need for a bill of particulars. See <u>Giese</u>, 597 F.2d at 1180.

## II. DISCUSSION

Defendants argue that a number of ambiguities in the indictment require clarification. For the reasons that follow, Defendants are not correct.

**A.     Circumstances of the Alleged Fraud**

Defendants' primary contention is that the indictment fails to provide sufficient detail regarding the circumstances of their alleged fraud. Specifically, Defendants argue that the indictment does not provide adequate detail regarding (1) what the nature of their purportedly fraudulent scheme was, (2) who they are alleged to have defrauded, (3) how their conduct caused any harm, and (4) how much loss they are alleged to have caused.

First, as to the "what," Defendants contend that the indictment permits several possible interpretations of what the nature of their allegedly fraudulent scheme was. The Court does not agree. On its face, the indictment alleges that Defendants devised a scheme to deprive Joseph S. and Jean O. of the Alaska property, as well as $500,000 in cash, by means of

misrepresentations including: (a) that Global was a tax exempt church, (b) that donations to Global were tax deductible, (c) that Defendants would return any donation on which the IRS denied a tax credit, (d) that donations to Global would be used for charitable purposes, (e) that a fictitious attorney named "James Preston" would provide the donors tax advice regarding their donation, and (f) that the donors were required to donate their father's entire estate in order to receive a tax benefit.  Any suggestion that the indictment permits alternative theories of the case lacks foundation in the language of the indictment.

In a related argument, Defendants contend that the discovery materials provided by the government do not contain any evidence in support of the government's theory of the case.  Even assuming, for argument's sake, that Defendants are correct, any such evidentiary deficiency is a problem of proof for resolution at trial, not a problem of pleading requiring a bill of particulars.

Second, as to the "who," Defendants contend that the indictment identifies three potential categories of victims -- (1) Jean O. and Joseph S.; (2) the estate of Jean O.'s and Joseph S.'s father; and (3) the IRS -- but fails to clarify which person or entity was, in fact, the victim.  Here too, Defendants are incorrect.  Nothing in the indictment suggests that the IRS or the father's estate are potential victims.  To the contrary, the indictment repeatedly refers only to Jean O. and Joseph S.

4

Accordingly, a bill of particulars is not necessary in order to clarify the identity of the alleged victims.

Third, as to the "how," Defendants contend that the indictment fails to identify any connection between Defendants' alleged misrepresentations and the harm purportedly suffered by the victims. Defendants are correct that the indictment does not explicitly allege the defendants' conduct caused actual harm to the victims, but the point is moot because causation is not an element of wire fraud or mail fraud. See 18 U.S.C. §§ 1341 & 1343. Mail fraud requires use of the mail to carry out the fraudulent scheme, but it does not require that the scheme be successful. Accordingly, the government is not required to plead a theory of causation.

Finally, as to the "how much," Defendants contend that the indictment does not clearly identify the amount of loss allegedly suffered by the victims. As with causation, harm is not an element of wire fraud or mail fraud. See 18 U.S.C. §§ 1341 & 1343. As a result, no bill of particulars is necessary.

**B.    Double Jeopardy**

Defendants also claim that the indictment raises double jeopardy concerns as to defendant Little, who pled guilty in 2005 to a charge of tax fraud before the Honorable Susan Illston, case number CR-04-122-SI, United States v. William Joe Little, Jr. and Jill Diane Little.

5

Contrary to Little's view, the instant indictment makes no reference to false tax returns filed by Little, or to any alleged tax crime on his part.  Rather, as noted, the indictment alleges that Little participated in a scheme to defraud Joseph S. and Jean O. of the Alaska property and $500,000 in cash.  Accordingly, the indictment does not raise any double jeopardy concerns.

### III. CONCLUSION

For the foregoing reasons, the motion for a bill of particulars is DENIED without prejudice.

IT IS SO ORDERED.

Dated: July 13, 2009

D. Lowell Jensen
United States District Judge